UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

MICHAEL HENRY, M.D.,

                      Petitioner,

    -against-

UNITED STATES OF AMERICA, BRUCE BLACKMON,
TIMOTHY BOWNS, TRACEY BROWN, MARIBEL
BURGOS, DAVID GARRAWAY, JAMES GIBBS,
WILLIAM JEZIOR, DAVID KNOX, TROY LEVI,
JEFFREY MCLAUGHLIN, GARY REYNOLDS, DAVID
ROBINSON, GREGORY RODGERS, SHIRLEY WHITE
AND ROBERT WILSON,

                      Respondents.
_____

Civil Action No.
1:16-misc-0159

# MEMORANDUM OF LAW IN SUPPORT OF PETITIONER'S MOTINO TO QUASH A SUBPOENA PURSUANT TO FED. R. CIV. P. 45(d)(3)(A)(iii); OR ALTERNATIVELY, FOR A PROTECTIVE ORDER PURSUANT TO FED. R. CIV. P. 26(c)(1)(B)

# TABLE OF CONTENTS

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .ii

INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

RELEVANT FACTUAL BACKGROUND. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2

I. THE SUBPOENA SHOULD BE QUASHED BECAUSE IT REQUIRES TESTIMONY REGARDING MATTER PROTECTED BY HIPAA, AND NO AUTHORIZATION OR COURT ORDER HAS BEEN PROVIDED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II. THE COURT SHOULD ISSUE A PROTECTIVE ORDER TO PROTECT MOVANT FROM THE ANNOYANCE AND UNDUE BURDEN OF TESTIFYING PURSUANT TO THE SUBPOENA AT ISSUE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4

# TABLE OF AUTHORITIES

**Federal Cases**

*Cole-Hoover v. State of New York Dept. Of Correctional Services*,
2006 U.S. Dist. LEXIS 50012 (W.D.N.Y. Jul. 20, 2006)............................3

*In Re World Trade Center Lower Manhattan Disaster Site Litigation*,
304 F.R.D. 379 (S.D.N.Y. Jan 15, 2015).....................................3

*Soto v. The City of N.Y.*, 2015 U.S. Dist. LEXIS 159014 (S.D.N.Y. Nov. 24, 2015)..........4

**Federal Rules**

Fed. R. Civ. P. 26 ........................................................1, 3-4

Fed. R. Civ. P. 45 ........................................................1, 3

## INTRODUCTION

Non-party petitioner Michael Henry, M.D. ("Dr. Henry") respectfully submits this Memorandum of Law in support of his motion to quash a subpoena to testify at a deposition, pursuant to Fed. R. Civ. P. 45(d)(3), or alternatively, for a protective order pursuant to Fed. R. Civ. P. 26(c)(1)(B).

On or about March 11, 2016, Dr. Henry received a subpoena from Jordan L. Fischer of Archer & Greiner P.C., counsel for defendants[1] in the civil action Bistrian v. Levi, et al., Civ. Action No. 08-cv-3010, pending in the United States District Court for the Eastern District of Pennsylvania ("the Pennsylvania action"), commanding him to testify at a videotaped deposition on April 21, 2016, to be held at the office of the United States Attorney, New York, New York. (A copy of the subpoena and accompanying March 11, 2016 letter from Ms. Fischer are attached to the accompanying certification of Esther S. Widowski, Esq., dated April 19, 2016 as Exhibit "A"). Notably, the subpoena was not accompanied by a HIPAA-compliant authorization. The Pennsylvania action apparently arises out of plaintiff's injuries allegedly sustained in 2006 while he was an inmate in federal prison in Pennsylvania.

Dr. Henry is board certified, and specializes, in internal medicine and infectious diseases. (*See* Certification of Michael Henry, M.D., dated April 18, 2016, hereinafter the "Henry Cert.," at ¶1). Dr. Henry briefly treated plaintiff at the Hospital for Special Surgery in New York from October 13, 2014 to July 7, 2015, approximately eight years after the events at issue. *Id.*

For the reasons set forth below, the subpoena should be quashed. Petitioner respectfully requests that, if the motion is not quashed, the Court should exercise its discretion pursuant to Fed. R. Civ. P. 26(c) to issue a protective Order limiting the deposition to a maximum of four (4)

---

[1] Subpoenaing defendants are the United States of America, Bruce Blackmon, Timothy Bowns, Tracey Brown, Maribel Burgos, David Garraway, James Gibbs, William Jezior, David Knox, Troy Levi, Jeffrey McLaughlin, Gary Reynolds, David Robinson, Gregory Rodgers, Shirley White, and Robert Wilson.

1

hours, directing defendants to produce a duly executed HIPAA authorization, and directing that Dr. Henry be paid $350.00 per deposition hour to ensure that he is reasonably compensated for his time away from his practice. Petitioner also respectfully requests that this Court stay the deposition until this Court decides this motion.

## RELEVANT FACTUAL BACKGROUND

As stated in plaintiff's Third Amended Complaint in the Pennsylvania Action filed February 9, 2015 (attached to the Widowski Cert. as Exhibit "B"), plaintiff is alleging numerous injuries as a result of defendants' failure to protect him from assaults by fellow inmates on June 30, 2006 and October 12, 2006 during his incarceration at the Federal Detention Center, Philadelphia ("FDC Philadelphia"). These injuries include "chronic back injuries" and "lower back spasms." (Ex. "B" at ¶¶ 67, 105, 126, 152, 222).

Dr. Henry saw the plaintiff on three occasions, with regard to an infection, between October 13, 2014 and July 7, 2015 after his release from FDC Philadelphia. Dr. Henry has not seen plaintiff since July 2015. (Henry Cert. at ¶ 3). Dr. Henry treated plaintiff with regard to an infection. Dr. Henry is an infectious disease specialist, not an orthopedist. *See Id*. at ¶2.

On or about March 11, 2016, Dr. Henry received a subpoena from defendants in the Pennsylvania action to testify at a videotaped deposition. (Widowski Cert. Ex. "A"). The subpoena requires his appearance for deposition on April 21, 2016 at the United States Attorney's Office, One St. Andrew's Plaza, New York, New York. No HIPAA authorization was provided

## ARGUMENT

**I.    THE SUBPOENA SHOULD BE QUASHED BECAUSE IT REQUIRES TESTIMONY REGARDING MATTTER PROTECTED BY HIPAA, AND NO AUTHORIZATION OR COURT ORDER HAS BEEN PROVIDED**

Pursuant to Fed. R. Civ. P. 45(d)(3)(A)(iii), the court for the district where compliance is required must quash or modify a subpoena that requires disclosure of a privileged or protected matter if no exception or waiver applies. It is ultimately within the sound discretion of the court to quash or modify a subpoena. *In re World Trade Center Lower Manhattan Disaster Site Litigation*, 304 F.R.D. 379, 382 (S.D.N.Y. Jan 15, 2015).

HIPAA prohibits the "disclosure of individually identifiable health information without the subject's consent, except under specific circumstances," making this health information protected matter. *Cole-Hoover v. State of New York Dept. Of Correctional Services*, 2006 U.S. Dist. LEXIS 50012, at *7 (W.D.N.Y. Jul. 20, 2006). Such exceptional circumstances include the disclosure of protected health information pursuant to a court order, or with notice of the request to the patient through a HIPAA-complaint authorization. *See id.* at *5.

Here, respondents are seeking testimony from Dr. Henry regarding his treatment of Peter Bistrian, plaintiff in the Pennsylvania action. Much like the patient in *Cole-Hoover v. State of New York Dept. of Correctional Services*, there is no evidence of any attempt to obtain the consent of Mr. Bistrian. Pursuant to Fed. R. Civ. P. 45(d)(3)(A)(iii), respondents were required to attach a duly authorized HIPAA authorization, or court order permitting Dr. Henry to reveal Mr. Bistrian's protected health information. They have failed to do so. Accordingly, the subpoena should be quashed.

## II. THE COURT SHOULD ISSUE A PROTECTIVE ORDER TO PROTECT MOVANT FROM THE ANNOYANCE AND UNDUE BURDEN OF TESTIFYING PURSUANT TO THE SUBPOENA AT ISSUE

In matters relating to a deposition, the court for the district where the deposition will be taken may issue a protective order specifying the terms of the deposition to protect a person from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c)(1)(B).

3

Specifically the court may specify the "time and place or the allocation of expenses" for the deposition. *Id.*

As set forth in Dr. Henry's certification, Dr. Henry sees eight to twelve inpatients per day. If he were to attend a deposition, his inpatient responsibilities would have to be assigned to another infectious disease specialist. (Henry Cert., ¶ 4). This constitutes an annoyance, which is a ground for a protective order under Fed. R. Civ. P. 26(c)(1). Additionally, subpoenaing defendant's failure to seek an interview, as opposed to a deposition, evidences the annoyance and undue burden a deposition would impose upon petitioner. *See Soto v. The City of N.Y.*, 2015 U.S. Dist. LEXIS 159014 (S.D.N.Y. Nov. 24, 2015).

Accordingly, petitioner respectfully requests this Honorable Court exercise its discretion to issue a protective order (1) limiting the deposition of petitioner to a maximum of four (4) hours, (2) directing defendants to produce a written duly executed HIPAA-complaint authorization, (3) directing Dr. Henry be paid $350.00 per deposition hour to ensure that he is reasonably compensated for his time away from his practice, and (4) precluding any further non-party, out-of-state subpoenas to Dr. Henry for any deposition and/or document discovery in the matter pending in the Eastern District of Pennsylvania entitled *Bistrian v. Levi* et al., No. 08-3010.

## CONCLUSION

For the reasons set forth above, petitioner Dr. Henry respectfully requests that this Court grant this motion to quash, or alternatively, issue a protective order limiting the deposition to four hours, directing defendants to produce a HIPAA-compliant authorization, reasonably compensating Dr. Henry for his deposition testimony, and precluding any further subpoenas for

deposition and/or document discovery in the Pennsylvania action. Petitioner also respectfully requests this Court stays the deposition until a decision on this motion has been made.

Dated: New York, New York
      April 20, 2016

                                  Respectfully submitted,

                                  *Esther Widowski*
                                Esther S. Widowski

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL HENRY, M.D.,

                Petitioner,

-against-

UNITED STATES OF AMERICA, BRUCE BLACKMON, TIMOTHY BOWNS, TRACEY BROWN, MARIBEL BURGOS, DAVID GARRAWAY, JAMES GIBBS, WILLIAM JEZIOR, DAVID KNOX, TROY LEVI, JEFFREY MCLAUGHLIN, GARY REYNOLDS, DAVID ROBINSON, GREGORY RODGERS, SHIRLEY WHITE AND ROBERT WILSON,

                Respondents.

Civil Action No. 16-misc-0159

**CERTIFICATE OF SERVICE**

The undersigned counsel for Petitioner does hereby certify that on this date, a true and correct copy of the Certification of Esther S. Widowski, Esq., the Certification of Michael Henry, M.D., the Notice of Motion to Quash a Subpoena, and the supporting Memorandum of Law dated April 20, 2016, was served, via ECF *and* Federal Express, to counsel for Respondents:

    Jordan L. Fischer
    Archer & Greiner, P.C.
    *Counsel for Respondents*
    One Liberty Place, 32nd Floor
    1650 Market Street
    Philadelphia, PA 19103
    (215) 963-3300

    Paul W. Kaufman &
    Thomas F. Johnson
    U.S. Attorney's Office
    *Counsel for Respondent*
    *United States of America*
    615 Chestnut Street, Suite 1250
    Philadelphia, PA 19106
    (215) 861-8618

Richard L. Bazelon & Dana Bazelon
Bazelon Less & Feldman
*Counsel for Plaintiff Peter Bistrian*
One South Broad Street, Suite 1500
Philadelphia, PA 19107
(215) 568-1155

Dated: New York, New York
      April 20, 2016

*/s/ Esther Widowski*
Esther S. Widowski